**Fill in this information to identify the case:**

United States Bankruptcy Court for the:

_____ District of **Delaware**
                               (State)

Case number (*If known*): _____ Chapter **11**

☐ Check if this is an amended filing

Official Form 201

# Voluntary Petition for Non-Individuals Filing for Bankruptcy    06/22

If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known).  For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals,* is available.

1. **Debtor's name**

   Prime Digital, LLC

2. **All other names debtor used in the last 8 years**

   Include any assumed names, trade names, and *doing business as* names

3. **Debtor's federal Employer Identification Number** (EIN)

   8 4 – 2 2 6 4 5 2 8

4. **Debtor's address**

   **Principal place of business**

   330     South Rampart Blvd.
   Number     Street

   Suite 260

   Las Vegas     NV     89145
   City     State     ZIP Code

   Clark
   County

   **Mailing address, if different from principal place of business**

   Number     Street

   P.O. Box

   City     State     ZIP Code

   **Location of principal assets, if different from principal place of business**

   Number     Street

   City     State     ZIP Code

5. **Debtor's website** (URL)    https://www.primetrust.com/

Debtor  **Prime Digital, LLC**_____   Case number (*if known*)_____
       <sub>Name</sub>

| | | |
|---|---|---|
| 6. | **Type of debtor** | ☒ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))<br>☐ Partnership (excluding LLP)<br>☐ Other. Specify: _____ |
| 7. | **Describe debtor's business** | A. *Check one:*<br>☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))<br>☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))<br>☐ Railroad (as defined in 11 U.S.C. § 101(44))<br>☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))<br>☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))<br>☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))<br>☒ None of the above<br><br>B. *Check all that apply:*<br>☐ Tax-exempt entity (as described in 26 U.S.C. § 501)<br>☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. § 80a-3)<br>☐ Investment advisor (as defined in 15 U.S.C. § 80b-2(a)(11))<br><br>C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See http://www.uscourts.gov/four-digit-national-association-naics-codes .<br>  _5_ _2_ _3_ _9_ |
| 8. | **Under which chapter of the Bankruptcy Code is the debtor filing?**<br><br>A debtor who is a "small business debtor" must check the first sub-box. A debtor as defined in § 1182(1) who elects to proceed under subchapter V of chapter 11 (whether or not the debtor is a "small business debtor") must check the second sub-box. | *Check one:*<br>☐ Chapter 7<br>☐ Chapter 9<br>☒ Chapter 11. *Check **all** that apply*:<br>    ☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D), and its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $3,024,725. If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).<br>    ☐ The debtor is a debtor as defined in 11 U.S.C. § 1182(1), its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $7,500,000, **and it chooses to proceed under Subchapter V of Chapter 11.** If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return, or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).<br>    ☐ A plan is being filed with this petition.<br>    ☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).<br>    ☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.<br>    ☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.<br>☐ Chapter 12 |

Debtor  Prime Digital, LLC  
<sub>Name</sub>

Case number (*if known*) _____

**9. Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**

If more than 2 cases, attach a separate list.

☒ No  
☐ Yes.   District _____   When _____   Case number _____  
                                    MM / DD / YYYY  
         District _____   When _____   Case number _____  
                                    MM / DD / YYYY

**10. Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

List all cases. If more than 1, attach a separate list.

☐ No  
☒ Yes.   Debtor  See Rider 1   Relationship  Affiliate  
         District  Delaware   When  08/14/2023  
                                    MM / DD / YYYY  
         Case number, if known  _____

**11. Why is the case filed in *this district*?**

Check all that apply:

☐ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

☒ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

**12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

☒ No  
☐ Yes. Answer below for each property that needs immediate attention. Attach additional sheets if needed.

**Why does the property need immediate attention?** (*Check all that apply.*)

☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.  
   What is the hazard? _____

☐ It needs to be physically secured or protected from the weather.

☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

☐ Other _____

**Where is the property?** _____  
Number   Street  
_____  
_____   _____  _____  
City                                State ZIP Code

**Is the property insured?**

☐ No  
☐ Yes. Insurance agency _____  
       Contact name _____  
       Phone _____

---

**Statistical and administrative information**

---

Official Form 201   Voluntary Petition for Non-Individuals Filing for Bankruptcy   page 3

Debtor __Prime Digital, LLC_____   Case number (*if known*)_____
       Name

| | |
|---|---|
| **13. Debtor's estimation of available funds** | Check one:<br>☒ Funds will be available for distribution to unsecured creditors.<br>☐ After any administrative expenses are paid, no funds will be available for distribution to unsecured creditors. |

| **14. Estimated number of creditors (on a consolidated basis)** | ☐ 1-49<br>☐ 50-99<br>☐ 100-199<br>☐ 200-999 | ☐ 1,000-5,000<br>☐ 5,001-10,000<br>☐ 10,001-25,000 | ☐ 25,001-50,000<br>☒ 50,001-100,000<br>☐ More than 100,000 |
|---|---|---|---|
| **15. Estimated assets (on a consolidated basis)** | ☐ $0-$50,000<br>☐ $50,001-$100,000<br>☐ $100,001-$500,000<br>☐ $500,001-$1 million | ☐ $1,000,001-$10 million<br>☐ $10,000,001-$50 million<br>☒ $50,000,001-$100 million<br>☐ $100,000,001-$500 million | ☐ $500,000,001-$1 billion<br>☐ $1,000,000,001-$10 billion<br>☐ $10,000,000,001-$50 billion<br>☐ More than $50 billion |
| **16. Estimated liabilities (on a consolidated basis)** | ☐ $0-$50,000<br>☐ $50,001-$100,000<br>☐ $100,001-$500,000<br>☐ $500,001-$1 million | ☐ $1,000,001-$10 million<br>☐ $10,000,001-$50 million<br>☐ $50,000,001-$100 million<br>☒ $100,000,001-$500 million | ☐ $500,000,001-$1 billion<br>☐ $1,000,000,001-$10 billion<br>☐ $10,000,000,001-$50 billion<br>☐ More than $50 billion |

### Request for Relief, Declaration, and Signatures

**WARNING --** Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on  __08/14/2023__
                MM / DD / YYYY

✗ __/s/ Jor Law_____    __Jor Law_____
  Signature of authorized representative of debtor    Printed name

  Title __Interim Chief Executive Officer_____

Debtor  Prime Digital, LLC
          Name

Case number (if known)_____

**18. Signature of attorney**    ✗  ___/s/ Maris J. Kandestin_____    Date   08/14/2023
                                    Signature of attorney for debtor                      MM / DD / YYYY

| | |
|---|---|
| Maris J. Kandestin | Darren Azman |
| Printed name | Printed name |
| McDermott Will & Emery LLP | McDermott Will & Emery LLP |
| Firm name | Firm name |
| 1007   North Orange Street, 10th Floor | One Vanderbilt Avenue |
| Number  Street | Number  Street |
| Wilmington        DE        19801 | New York, NY              10017-3852 |
| City        State       ZIP Code | City        State       ZIP Code |
| (302) 485-3900         mkandestin@mwe.com | (212) 547-5400          dazman@mwe.com |
| Contact phone      Email address | Contact phone       Email address |
| 5294      DE | 4911673     NY |
| Bar number  State | Bar number  State |

Official Form 201    Voluntary Petition for Non-Individuals Filing for Bankruptcy    page **5**

# Rider 1

## Pending Bankruptcy Cases Filed by the Debtor and Certain Affiliates and Subsidiaries of the Debtor

On the date hereof, each of the entities listed below (collectively, the "<u>Debtors</u>") filed a petition in the United States Bankruptcy Court for the District of Delaware for relief under chapter 11 of title 11 of the United States Code. The Debtors will move for joint administration of these cases for procedural purposes only under the case number assigned to the chapter 11 case of Debtor Prime Core Technologies Inc.

| Debtor Name | EIN Number |
|---|---|
| Prime Core Technologies Inc. | 86-1755317 |
| Prime Trust, LLC | 81-2236823 |
| Prime IRA LLC | 84-3138436 |
| Prime Digital, LLC | 84-2264528 |

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>Prime Digital, LLC,<br><br>                    Debtor. | Chapter 11<br><br>Case No. 23-[_____] ([___]) |

## LIST OF EQUITY SECURITY HOLDERS[1]

| Debtor | Equity Holders | Address of Equity Holder | Percentage of Equity Held |
|---|---|---|---|
| Prime Digital, LLC | Prime Trust, LLC | 330 S. Rampart Blvd., Suite 260<br>Las Vegas, NV 89145 | 100% |

---

[1] This list serves as the disclosure required to be made by the debtor pursuant to rule 1007 of the Federal Rules of Bankruptcy Procedure. All equity positions listed are as of the date of commencement of the chapter 11 case.

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>Prime Core Technologies Inc., *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 23-[_____] ([___])<br><br>(Joint Administration Requested) |

## CONSOLIDATED CORPORATE OWNERSHIP STATEMENT

Pursuant to Rules 1007(a)(1) and 7007.1 of the Federal Rules of Bankruptcy Procedure, Prime Core Technologies Inc. and certain of its affiliates and subsidiaries, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "Debtors"), respectfully represent as follows with respect to the Debtors' direct and indirect corporate ownership:

1. Non-Debtor Senior Comfort Corp. owns 18.52% of Debtor Prime Core Technologies Inc.'s outstanding equity interests. No other corporation owns more than 10% of Debtor Prime Core Technologies Inc.'s outstanding equity interests.

2. Debtor Prime Core Technologies Inc. owns 100.0% of the membership interests in Debtor Prime Trust, LLC.

3. Debtor Prime Trust, LLC owns 100.0% of the membership interests in Debtor Prime Digital, LLC.

4. Debtor Prime Trust, LLC owns 100.0% of the membership interests in Debtor Prime IRA LLC.

---

[1] The debtors in these chapter 11 cases, along with the last four digits of each debtor's federal tax identification number are: Prime Core Technologies Inc. (5317); Prime Trust, LLC (6823); Prime IRA LLC (8436); and Prime Digital, LLC (4528). Prime Core Technologies Inc.'s service address is 330 South Rampart Blvd., Suite 260, Las Vegas, Nevada 89144.

Fill in this information to identify the case:

Debtor name: Prime Core Technologies Inc., et al.,
United States Bankruptcy Court for the: District of Delaware
Case number (If known): _____

☐ Check if this is an amended filing

Official Form 204

# Chapter 11 or Chapter 9 Cases: Consolidated List of Creditors Who Have the 50 Largest Unsecured Claims and Are Not Insiders

12/15

A list of creditors holding the 50 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case. Include claims which the debtor disputes. Do not include claims by any person or entity who is an insider, as defined in 11 U.S.C. § 101(31). Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 50 largest unsecured claims.*

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim if the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 1 | Name and Address on File | Information on File | Customer | Unliquidated | | | $55,000,104 |
| 2 | Name and Address on File | Information on File | Customer | Unliquidated | | | $31,720,676 |
| 3 | Name and Address on File | Information on File | Customer | Unliquidated | $23,854,134 | $13,943,921 | $9,910,213 |
| 4 | Name and Address on File | Information on File | Customer | Unliquidated | | | $9,197,296 |
| 5 | Name and Address on File | Information on File | Customer | Unliquidated | | | $5,004,998 |
| 6 | Name and Address on File | Information on File | Customer | Unliquidated | | | $3,366,196 |
| 7 | Name and Address on File | Information on File | Customer | Unliquidated | | | $2,223,311 |
| 8 | Name and Address on File | Information on File | Customer | Unliquidated | $1,833,551 | $5,026 | $1,828,525 |
| 9 | Name and Address on File | Information on File | Customer | Unliquidated | | | $1,828,422 |
| 10 | Name and Address on File | Information on File | Customer | Unliquidated | | | $1,785,897 |
| 11 | Name and Address on File | Information on File | Customer | Unliquidated | $1,790,750 | $49,450 | $1,741,300 |

* On a consolidated basis. The information herein shall not constitute an admission of liability by, nor is it binding on, any Debtors with respect to all or any portion of the claims listed below. Moreover, nothing herein shall affect any Debtor's right to challenge the amount or characterization of any claim at a later date.

Case 23-11168-JKS    Doc 1    Filed 08/14/23    Page 10 of 19

Debtor  Prime Core Technologies Inc., et al.                                                                                                      Case number (if known)_____

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim if the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 12 | Name and Address on File | Information on File | Customer | Unliquidated | | | $1,641,950 |
| 13 | Name and Address on File | Information on File | Customer | Unliquidated | $1,889,758 | $482,000 | $1,407,758 |
| 14 | Name and Address on File | Information on File | Customer | Unliquidated | | | $1,363,937 |
| 15 | Name and Address on File | Information on File | Customer | Unliquidated | | | $1,218,920 |
| 16 | Name and Address on File | Information on File | Customer | Unliquidated | | | $1,076,536 |
| 17 | Name and Address on File | Information on File | Customer | Unliquidated | | | $994,703 |
| 18 | Name and Address on File | Information on File | Customer | Unliquidated | | | $988,762 |
| 19 | Name and Address on File | Information on File | Customer | Unliquidated | | | $956,921 |
| 20 | Name and Address on File | Information on File | Customer | Unliquidated | | | $940,390 |
| 21 | Name and Address on File | Information on File | Customer | Unliquidated | $882,046 | $1,000 | $881,046 |
| 22 | Name and Address on File | Information on File | Customer | Unliquidated | | | $861,141 |
| 23 | Name and Address on File | Information on File | Customer | Unliquidated | | | $800,000 |
| 24 | Name and Address on File | Information on File | Customer | Unliquidated | | | $608,601 |
| 25 | Name and Address on File | Information on File | Customer | Unliquidated | $588,591 | $4,419 | $584,172 |

Case 23-11168-JKS    Doc 1    Filed 08/14/23    Page 11 of 19
Debtor   Prime Core Technologies Inc., et al.                                                                                      Case number (if known)_____

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim if the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 26 | Name and Address on File | Information on File | Customer | Unliquidated | | | $510,747 |
| 27 | Name and Address on File | Information on File | Customer | Unliquidated | | | $500,500 |
| 28 | Socure Inc. 330 Seventh Avenue Suite 200 New York, New York 10011 | Email: rhon@socure.com Phone: (914) 343-8416 | Trade Debt | | | | $456,397 |
| 29 | Name and Address on File | Information on File | Customer | Unliquidated | | | $420,834 |
| 30 | Name and Address on File | Information on File | Customer | Unliquidated | | | $373,900 |
| 31 | Name and Address on File | Information on File | Customer | Unliquidated | | | $362,810 |
| 32 | Name and Address on File | Information on File | Customer | Unliquidated | | | $345,566 |
| 33 | Name and Address on File | Information on File | Customer | Unliquidated | | | $328,052 |
| 34 | Name and Address on File | Information on File | Customer | Unliquidated | | | $315,844 |
| 35 | Name and Address on File | Information on File | Customer | Unliquidated | | | $313,711 |
| 36 | Name and Address on File | Information on File | Customer | Unliquidated | | | $307,085 |
| 37 | Name and Address on File | Information on File | Customer | Unliquidated | | | $295,980 |
| 38 | Name and Address on File | Information on File | Customer | Unliquidated | | | $251,089 |
| 39 | Name and Address on File | Information on File | Customer | Unliquidated | | | $250,839 |
| 40 | Name and Address on File | Information on File | Customer | Unliquidated | | | $250,250 |

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim if the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 41 | Name and Address on File | Information on File | Customer | Unliquidated | | | $243,298 |
| 42 | Name and Address on File | Information on File | Customer | Unliquidated | | | $242,431 |
| 43 | Name and Address on File | Information on File | Customer | Unliquidated | | | $227,716 |
| 44 | Name and Address on File | Information on File | Customer | Unliquidated | | | $224,468 |
| 45 | Name and Address on File | Information on File | Customer | Unliquidated | | | $205,992 |
| 46 | Name and Address on File | Information on File | Customer | Unliquidated | | | $180,843 |
| 47 | Name and Address on File | Information on File | Customer | Unliquidated | | | $166,833 |
| 48 | Allsec Technologies Limited<br>6303 Commerce Dr. Suite 175<br>Irving, TX 75063 | Email: nandesh@allsectech.com<br>Phone: +1 (214) 931-9189 | Trade Debt | | | | $163,350 |
| 49 | Name and Address on File | Information on File | Customer | Unliquidated | $175,612 | $15,243 | $160,369 |
| 50 | Name and Address on File | Information on File | Customer | Unliquidated | | | $158,963 |

**ACTION BY UNANIMOUS WRITTEN CONSENT OF THE
SPECIAL COMMITTEE OF PRIME CORE TECHNOLOGIES INC.,
PRIME TRUST, LLC, PRIME DIGITAL, LLC, AND PRIME IRA LLC**

August 14, 2023

The undersigned, being all the members of the special restructuring committee (the "***Special Committee***") of Prime Core Technologies Inc., a Delaware corporation, Prime Trust, LLC, a Nevada limited liability company, Prime Digital, LLC, a Nevada limited liability company, and Prime IRA LLC, a Nevada limited liability company (collectively, the "***Companies***" or the "***Filing Entities***"), pursuant to the authority granted to it by the Eighth Judicial District Court of the State of Nevada (the "***Nevada Court***"), and the board of directors, board of managers, or sole members, as applicable (each, a "***Board***," and together, the "***Boards***") of the Companies, hereby adopts and approves the following recitals and resolutions by unanimous written consent, effective as the date written above:

**WHEREAS**, on June 23, 2023, the Board of Prime Core Technologies, Inc. and Prime Trust, LLC adopted the resolutions (the "***June 23 Resolutions***") that, among other things, resolved that "the directors and officers of the Company are hereby authorized to execute any and all consent agreements or documents on behalf of the Company and are authorized to take any and all additional actions as deemed necessary or appropriate by the receiver without further approval of the directors or stockholders.";

**WHEREAS**, the June 23 Resolutions further provide that, "the officers and directors of the Company by, and each of them is hereby is, authorized and directed, for and on behalf of the Company, to make all such arrangements, to do and perform all such acts and to execute and deliver all such certificates and such other instruments, agreements, and documents, and to pay all such reasonable expenses, as they may deem necessary or appropriate in order to fully effectuate the purpose of each and all of the foregoing resolutions, and to waive all conditions and to do all things necessary and helpful to carry out the purposes of the foregoing resolutions, and that any and all prior or future actions taken by those officers or directors that are consistent with the purposes and intent of the above resolutions are ratified, approved, adopted, and confirmed[]";

**WHEREAS**, pursuant to the June 23 Resolution, the Board consented to the imposition of a receivership for the Companies and the appointment of a receiver to pursuant to Nevada Revised Statute § 669.2846;

**WHEREAS**, on July 14, 2023, the Nevada Court entered an *Order to Show Cause; Injunction; Order Appointing Receiver Pending Further Order of the Court;* Order *to Preserve Assets of Respondent* (the "***Interim Receivership Order***"), pursuant to which the Nevada Court appointed John Guedry as receiver (the "***Receiver***") of the Filing Entities on an interim basis;

**WHEREAS**, pursuant to the Interim Receivership Order, the "Receiver is authorized to enter the business and immediately oversee the operation, conservation, rehabilitation, administration, and/or liquidation of the Business of [the Filing Entities] . . ." and "the officers, directors, stockholders, members, subscribers, managers, agents, employees, and all other persons are enjoined from: . . . (2) transacting any further business on behalf of [the Filing Entities], except as expressly directed or approved by the Receiver . . . ";

**WHEREAS**, on August 14, 2023, the Nevada Court entered a subsequent order (the "***Final Receivership Order***," and together with the Interim Receivership Order, the "***Receivership Orders***"), pursuant to which the Nevada Court appointed the Receiver on a final basis;

**WHEREAS**, pursuant to the Final Receivership Order, the Nevada Court established a special restructuring committee of the Board (the "***Special Committee***"), appointed John Guedry, John Wilcox, and Michael Wyse as the sole members thereof (the "***Special Committee Members***"), and vested the Special Committee with the requisite authority to direct the Companies to file voluntary petitions for relief pursuant to 11 U.S.C. § 101, *et seq.* (the "***Bankruptcy Code***") and manage and oversee the Companies during the pendency of any case(s) filed pursuant to chapter 11 the Bankruptcy Code, notwithstanding anything to the contrary set forth in any of the Companies' organizational documents (or otherwise), including any necessary consent rights;

**WHEREAS**, on August 10, 2023, the Boards of the Companies adopted resolutions (the "***August 10 Resolutions***") ratifying the establishment the Special Committee, ratifying the appointment of the Special Committee Members as the sole members thereof, and ratifying the delegation to the Special Committee the requisite authority to direct the Companies to file voluntary petitions for relief pursuant to chapter 11 of the Bankruptcy Code and manage and oversee the Companies as debtors and debtors-in-possession during the pendency of any such cases;

**WHEREAS**, the Special Committee has been presented with proposed voluntary petitions (each, a "***Petition***") to by filed by the Companies in the United States Bankruptcy Court for the District of Delaware (the "***Bankruptcy Court***"), pursuant to which each of the Companies will operate as a debtor-in-possession; and

**WHEREAS**, the Special Committee has had the opportunity to consult with the directors, officers, and former management of the Companies and the Companies' legal, financial, and other advisors regarding the liabilities, financial and operational condition, including capital resources, and sources and uses of cash of each of the Filing Entities, the strategic alternatives available to it, and the effect of the foregoing resolutions on the business of each of the Filing Entities.

**NOW, THEREFORE, BE IT:**

**RESOLVED**, that in the business judgment of the Special Committee, it is desirable and in the best interests of each Filing Entity (including a

2

consideration of its creditors and other parties in interest) that each Filing Entity shall be, and hereby is, in all respects, authorized to file, or cause to be filed, a voluntary petition for relief commencing a case under chapter 11 of the Bankruptcy Code in the Bankruptcy Court (the "***Chapter 11 Cases***").

**RESOLVED**, that the Special Committee Members (the "***Authorized Signatories***"), acting alone or with one or more other Authorized Signatories be, and hereby are, authorized, empowered, and directed to execute and file on behalf of each Filing Entity all petitions, schedules, lists, and other motions, papers, or documents, and to take any and all actions that they deem necessary or proper to obtain such relief, including, without limitation, any actions necessary to maintain the ordinary course operation of each Filing Entity's business.

**RESOLVED**, that each of the Authorized Signatories be, and they hereby are, authorized and directed to employ the law firm of McDermott Will & Emery LLP ("***McDermott***"), as bankruptcy counsel, to represent and assist each Filing Entity in carrying out its duties under the Bankruptcy Code in connection with Chapter 11 Cases, and to take any and all actions to advance each Filing Entity's rights and obligations, including filing any motions, objections, replies, applications, or pleadings; and in connection therewith, each of the Authorized Signatories, with power of delegation, is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed an appropriate application for authority to retain the services of McDermott.

**RESOLVED**, that that each of the Authorized Signatories be, and they hereby are, authorized and directed to employ the firm of M3 Advisory Partners, LP ("***M3***"), as financial advisor, to represent and assist each Filing Entity in carrying out its duties under the Bankruptcy Code in connection with Chapter 11 Cases, and to take any and all actions to advance each Filing Entity's rights and obligations, including filing any motions, objections, replies, applications, or pleadings; and in connection therewith, each of the Authorized Signatories, with power of delegation, is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed an appropriate application for authority to retain the services of M3.

**RESOLVED**, that that each of the Authorized Signatories be, and they hereby are, authorized and directed to employ the firm of Galaxy Digital Partners LLC ("***Galaxy***"), as investment banker, to represent and assist each Filing Entity in carrying out its duties under the Bankruptcy Code in connection with Chapter 11 Cases, and to take any and all actions to advance each Filing Entity's rights and obligations, including filing any motions, objections, replies, applications, or pleadings; and in connection therewith, each of the Authorized Signatories, with power of delegation, is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed an appropriate application for authority to retain the services of Galaxy.

**RESOLVED**, that that each of the Authorized Signatories be, and they hereby are, authorized and directed to employ the firm of Stretto, as notice and claims agent, to represent and assist each Filing Entity in carrying out its duties under the Bankruptcy Code in connection with Chapter 11 Cases, and to take any

and all actions to advance each Filing Entity's rights and obligations, including filing any motions, objections, replies, applications, or pleadings; and in connection therewith, each of the Authorized Signatories, with power of delegation, is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed an appropriate application for authority to retain the services of Stretto.

**RESOLVED**, that each of the Authorized Signatories be, and they hereby are, authorized and directed to employ any other professionals to assist each Filing Entity in carrying out its duties under the Bankruptcy Code; and in connection therewith, each of the Authorized Signatories, with power of delegation, is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers and fees, and to cause to be filed an appropriate application for authority to retain the services of any other professionals as necessary.

**RESOLVED**, that each of the Authorized Signatories be, and they hereby are, with power of delegation, authorized, empowered, and directed to execute, or cause to be executed, and file all petitions, schedules, motions, lists, applications, pleadings, and other papers and, in connection therewith, to employ and retain all assistance by the legal counsel, accountants, financial advisors, and other professionals and to take and perform any and all further acts and deeds that each of the Authorized Signatories deem necessary, proper, or desirable in connection with each Filing Entity's Chapter 11 Case, with a view to the successful prosecution of each Filing Entity's Chapter 11 Case.

**RESOLVED**, that all actions of the Authorized Signatories and the Companies and their respective directors, managers, members, shareholders, officers, employees and agents taken in furtherance of or in connection with the matters approved by the foregoing resolutions are hereby authorized, ratified, and approved in all respects.

**RESOLVED**, that this Action by Unanimous Written Consent of the Special Committee may be executed in counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same original.

**RESOLVED**, that the Authorized Signatories of the Special Committee may execute and deliver their executed counterpart of this Action by Unanimous Written Consent of the Special Committee to the Secretary of the Companies by facsimile signature, electronic mail (including PDF or any electronic signature complying with the U.S. federal ESIGN Act of 2000, e.g., www.docusign.com) or other transmission method, and no confirmation of such delivery by the mailing or personal delivery of an executed original of this Action by Unanimous Written Consent of the Special Committee to the Secretary of the Companies shall be required in order for this Action by Unanimous Written Consent of the Special Committee to be effective.

[**SIGNATURE PAGE FOLLOWS**]

**IN WITNESS WHEREOF**, the undersigned have executed this Action by Unanimous Written Consent as of the date set forth above.

SPECIAL COMMITTEE MEMBERS:

_____
John Guedry

_____
John Wilcox

_____
Michael Wyse

**IN WITNESS WHEREOF**, the undersigned have executed this Action by Unanimous Written Consent as of the date set forth above.

SPECIAL COMMITTEE MEMBERS:

_____
John Guedry

_____
John Wilcox

_____
Michael Wyse

**Fill in this information to identify the case and this filing:**

Debtor Name: Prime Digital, LLC

United States Bankruptcy Court for the: _____ District of Delaware
(State)

Case number (*If known*): _____

---

Official Form 202

# Declaration Under Penalty of Perjury for Non-Individual Debtors    12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date.  Bankruptcy Rules 1008 and 9011.

WARNING -- Bankruptcy fraud is a serious crime.  Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both.  18 U.S.C. §§ 152, 1341, 1519, and 3571.

## Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

- ☐ *Schedule A/B: Assets–Real and Personal Property* (Official Form 206A/B)
- ☐ *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)
- ☐ *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)
- ☐ *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)
- ☐ *Schedule H: Codebtors* (Official Form 206H)
- ☐ *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)
- ☐ Amended *Schedule* ____
- ☒ *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 50 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)
- ☒ Other document that requires a declaration    Consolidated Corporate Ownership Statement, List of Equity Security Holders

I declare under penalty of perjury that the foregoing is true and correct.

Executed on  08/14/2023
MM / DD / YYYY

✗ /s/ Jor Law
Signature of individual signing on behalf of debtor

Jor Law
Printed name

Interim Chief Executive Officer
Position or relationship to debtor

Official Form 202          **Declaration Under Penalty of Perjury for Non-Individual Debtors**